# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: **C.B. and A.B.**

**No. 16-1159** (Hampshire County 16-JA-37 & 16-JA-40)

**FILED**

**June 16, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father B.B., by counsel Charlie B. Johnson, appeals the Circuit Court of Hampshire County's November 3, 2016, order terminating his parental rights to then sixteen-year-old C.B. and six-year-old A.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Joyce E. Stewart, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that (1) the circuit court improperly terminated his parental rights to the children because he did not receive proper notice of the dispositional hearing; and (2) the circuit court improperly adjudicated him as an abusing parent based, in part, on his silence, invoked under the constitutional right against self-incrimination.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2015, the DHHR filed an abuse and neglect petition against petitioner for physically and emotionally abusing his girlfriend's then fifteen-year-old daughter, H.F.[2] In its petition, the DHHR claimed that petitioner was charged with criminal solicitation of a minor and that he had punched, screamed at, and forcibly held down H.F., who feared him. H.F. resided in

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). We note that petitioner is also the biological father of K.B., who was involved in the proceedings below, but who reached the age of majority during the pendency of these proceedings. As such, this memorandum decision applies to C.B. and A.B. only.

[2]The proceedings below involved children and adult respondents not at issue in this appeal. This memorandum decision relates only to the order on appeal that terminated petitioner's parental rights to C.B. and A.B.

1

the petitioner's home with his other biological children. It was further alleged that petitioner had a history with Child Protective Services ("CPS"), which included four substantiated abuse and neglect referrals and one prior petition of abuse and neglect.[3] Additional allegations were included in an amended petition filed in June of 2016. Those allegations included claims of inappropriate sexual statements made in the children's presence and additional acts of domestic violence and child abuse.

In June of 2016, the circuit court held an adjudicatory hearing. At that hearing, several witnesses testified and confirmed the allegations in the amended petition. Petitioner, however, asserted that he did not intend to testify under the constitutional protection against self-incrimination, as set forth in the Fifth Amendment to the United States Constitution. At the conclusion of the hearing, the circuit court found that petitioner had a history of physical and emotional abuse of the children; that he struck and threatened H.F.; and that he was recently convicted of solicitation of a minor. The circuit court further found that petitioner's silence was additional evidence of his misconduct. Based on these findings, petitioner was adjudicated as an abusing parent. In the circuit court's written adjudicatory order, the circuit court stated in bold letters "[t]his matter shall be continued for a Dispositional Hearing to occur on August 23, 2016, beginning at 9:30 a.m. at the Hampshire County Judicial Center, Romney, West Virginia."

On August 23, 2016, the circuit court held a dispositional hearing. Petitioner was not present in person due to his incarceration, but his counsel was present. Due to issues not relevant to this appeal, the circuit court continued the hearing to October 17, 2016. A written order from the August 23, 2016, hearing was entered in which the circuit court stated "[t]his matter is continued for the purpose of Disposition to October 17, 2016, at 9:30 a.m. . . . at the Hampshire County Judicial Center, Romney, WV."

On October 17, 2016, the circuit court held the final dispositional hearing. Petitioner was not present in person due to his incarceration, but his counsel was present. At the conclusion of the hearing, the circuit court terminated petitioner's parental rights to the children.[4] This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the

---

[3]It does not appear from the record on appeal that the prior petition for abuse and neglect resulted in the termination of petitioner's parental rights to any children.

[4]Petitioner's parental rights to the children were terminated below. According to the parties, the children have different mothers and separate placements. C.B. was permanently placed with his non-offending mother with a permanency plan to remain in her custody, care, and control. The younger child, A.B., currently resides with her maternal aunt pending the on-going improvement period of her mother. A.B.'s permanency plan is either (1) reunification with her mother if the mother is successful in her improvement period, or (2) adoption by the maternal aunt, if the mother is unsuccessful in her improvement period.

2

facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first argues that the circuit court erred in terminating his parental rights to the children because he was not provided notice of the dispositional hearing. Rule 31 of the West Virginia Rules of Procedure for Abuse and Neglect Proceedings provides that "[n]otice of the date, time, and place of the disposition hearing shall be given to all parties, their counsel, and persons entitled to notice and the right to be heard." Contrary to petitioner's argument on appeal, the record is indisputable that the circuit court provided him written notice of the dispositional hearings, including the date, time, and place for those hearings. The dispositional hearings were clearly noticed in the circuit court's adjudicatory order (noticing the dispositional hearing on August 23, 2016) and in the order from the August 23, 2016, dispositional hearing (noticing the final dispositional hearing on October 17, 2016). Moreover, in addition to written notice, it appears that the circuit court stated the dates of those hearings on the record at the adjudicatory hearing and the August 23, 2016, dispositional hearing. Although petitioner was not present in person at the August 23, 2016, dispositional hearing, his counsel was present. As such, we find no error regarding notice of the dispositional hearings in this matter.

Petitioner's second assignment of error is that the circuit court improperly held his silence against him when he invoked his Fifth Amendment right against self-incrimination at the adjudicatory hearing. Petitioner acknowledges that our case law permits a circuit court to consider a parent's decision to remain silent in civil abuse and neglect proceedings as affirmative evidence of abuse or neglect. We have held that

"'[b]ecause the purpose of an abuse and neglect proceeding is remedial, where the parent or guardian fails to respond to probative evidence offered against him/her during the course of an abuse and neglect proceeding, a lower court may properly consider that individual's silence as affirmative evidence of that individual's culpability.' Syl. Pt. 2, *West Virginia Dept. of Health and Human Resources ex rel. Wright v. Doris S.*, 197 W.Va. 489, 475 S.E.2d 865 (1996)." Syl. Pt. 2, *In re Daniel D.*, 211 W.Va. 79, 562 S.E.2d 147 (2002).

Syl. Pt. 2, *In re K.P.*, 235 W.Va. 221, 772 S.E.2d 914 (2015). Petitioner attempts to distinguish our prior cases from his own circumstances by asserting that his criminal charges were unrelated to his abuse and neglect case and that his criminal attorney (who was not his attorney in the

abuse and neglect case) advised him to remain silent. We find petitioner's argument unpersuasive.

Our holdings are clear that a circuit court may consider a parent's silence as affirmative evidence. The circuit court did so in this case. Contrary to petitioner's argument, it was not error for the circuit court to do so in this case. Consequently, we find no merit to petitioner's second assignment of error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 3, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**:  June 16, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker